Prob 12
(Rev. 3/88)

# UNITED STATES DISTRICT COURT
## For The
## WESTERN DISTRICT OF PENNSYLVANIA



U.S.A. vs. Randolph Nathaniel Walker     Docket No. 94-268-01

### Petition on Supervised Release

COMES NOW Theodore W. Johnson, CHIEF PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Randolph Nathaniel Walker, who was placed on supervision by Chief United States District Judge Gary L. Lancaster, sitting in the Court at Pittsburgh, Pennsylvania, on the 1st day of September 1995, who fixed the period of supervision at 3 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

- Shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
- Shall not possess a firearm or destructive device.
- Shall not illegally possess and controlled substance and shall refrain from the use of alcohol.
- Shall participate in a program for substance abuse as directed by the U.S. Probation Office. He shall submit to regular testing to determine if he has reverted to the use of alcohol or drugs.

U.S.A. vs. Randolph Nathaniel Walker     Docket No. 95-87-01

COMES NOW Theodore W. Johnson, CHIEF PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Randolph Nathaniel Walker, who was placed on supervision by Chief United States District Judge Gary L. Lancaster, sitting in the Court at Pittsburgh, Pennsylvania, on the 1st day of September 1995, who fixed the period of supervision at 3 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

- Shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
- Shall not possess a firearm or destructive device.
- Shall not illegally possess and controlled substance and shall refrain from the use of alcohol.
- Shall participate in a program for substance abuse as directed by the U.S. Probation Office. He shall submit to regular testing to determine if he has reverted to the use of alcohol or drugs.

U.S.A. vs. Randolph Nathaniel Walker     Docket No. 95-91-01

COMES NOW Theodore W. Johnson, CHIEF PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Randolph Nathaniel Walker, who was placed on supervision by Chief United States District Judge Gary L. Lancaster, sitting in the Court at Pittsburgh, Pennsylvania, on the 1st day of September 1995, who fixed the period of supervision at 3 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

- Shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
- Shall not possess a firearm or destructive device.
- Shall not illegally possess and controlled substance and shall refrain from the use of alcohol.
- Shall participate in a program for substance abuse as directed by the U.S. Probation Office. He shall submit to regular testing to determine if he has reverted to the use of alcohol or drugs.

U.S.A. vs. Randolph Nathaniel Walker
Docket Nos. 94-268-01, 95-91-01, & 95-87-01
Page 2

| | |
|---|---|
| 09/01/95: | Bank Robbery (Cts. 1 and 2 of Docket No. 94-268-01, Cts. 1 and 2 of Docket No. 95-87-01, and Ct. 1 of Docket No. 95-91-01); 188 months' imprisonment at each count, to be served concurrently with each other and with any state sentence being served, followed by 3 years' supervised release at Docket Nos. 94-268-01, 95-91-01, & 95-87-01. |
| 02/11/2009: | Released to supervision; currently supervised by United States Probation Officer Eric S. Lawson. |

## RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT AND FOR CAUSE AS FOLLOWS:

**Defendant shall notify the probation officer within 72 hours of any change in residence or employment.**

On April 27, 2010, the United States Probation Office received electronic notification that the Pittsburgh Municipal Court issued a warrant of arrest for the supervised releasee, at OTN G496278-6, which charges him with felony grade theft. He is alleged to have stolen cash from his employer, McDonald's, located at 608 Wood Street, Pittsburgh, Pennsylvania. He was terminated from his position as a swing shift manager trainee on April 16, 2010, after he failed to return from a break.

Since February 11, 2009, the supervised releasee resided at the YMCA, 600 West North Avenue, Room 335, in Pittsburgh, Pennsylvania. The probation officer's last direct contact with the supervised releasee at this facility occurred on April 12, 2010. Direct contact with the supervised releasee was attempted on April 28, 2010, but was unsuccessful. YMCA staff have indicated that the supervised releasee has not resided at the facility for the past week, and his lease officially terminated effective April 27, 2010.

As required by the conditions of his supervision, the supervised releasee failed to make any notification about the change in residence or employment to the probation officer, and his present whereabouts are unknown.

PRAYING THAT THE COURT WILL ORDER a bench warrant be issued for the arrest of the supervised releasee for alleged violation of supervision and that bond be set at $_____. by a US magistrate judge.

ORDER OF COURT nd

Considered and ordered this 3 day of May, 20 10 and ordered filed and made a part of the records in the above case.

_____
Gary L. Lancaster
Chief U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 29, 2010

_____
Eric S. Lawson
U.S. Probation Officer

_____
Roselyn Gerson
Supervising U.S. Probation Officer

Place:   Pittsburgh, Pennsylvania